UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FRED PLUMMER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-1420 (RMU) |
| ADRIAN FENTY, Mayor, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Fred Plummer, while incarcerated in the District of Columbia jail, filed this *pro se* complaint proceeding *in forma pauperis*. Statute obligates a district court to screen cases filed by prisoners proceeding *in forma pauperis*. 28 U.S.C. § 1915A. In accord with that review, this complaint will be dismissed without prejudice for lack of jurisdiction.

The plaintiff filed a complaint that attacks the sentence imposed on him in connection with his conviction on DUI charges in the District of Columbia Superior Court. In the complaint, he asserts that the prosecutor "lied," resulting in sentence enhancements for prior offenses that were not warranted; he denies the existence of those prior convictions. He also alleges that this error violates his Fifth Amendment due process protections and his Eighth Amendment guarantee against cruel and unusual punishment and seeks $150 million in damages.

To the extent that the complaint constitutes a challenge to his sentence as wrongfully imposed, this Court is without jurisdiction to hear the matter. Collateral challenges to sentences imposed by the Superior Court must be brought in that court through a motion made under D.C.

Code § 23-110. *See Blair-Bey v. Quick,* 151 F.3d 1036, 1042 (D.C. Cir. 1998) (D.C. Code § 23-110 is exclusive remedy for persons convicted in D.C. Superior Court to challenge their convictions and imposition of sentence). Here, there is no indication that the plaintiff has pursued a motion under D.C. Code § 23-110. Even if the plaintiff had already pursued his remedies under D.C. Code § 23-110, unlike other prisoners convicted in state courts or those convicted in a United States District Court, "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (quoting D.C. Code § 23-110). Generally,"[s]ection 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton,* 788 F. Supp. 1232 (D.D.C. 1992); *accord Blair-Bey v. Quick,* 151 F.3d at 1042 (describing § 23-110 remedy as "analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence."). The mere denial of relief by the local courts does not render the local remedy inadequate or ineffective. *See Garris v. Lindsay,* 794 F.2d at 727; *Charles v. Chandler,* 180 F.3d 753, 756-58 (6th Cir. 1999) (citing cases); *Wilson v. Office of the Chairperson,* 892 F. Supp. 277, 280 (D.D.C. 1995).

      To the extent that this complaint seeks damages for wrongful conviction or wrongful sentence, this Court still lacks jurisdiction over the matter. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  Plaintiff's damages suit here is exactly the sort of suit *Heck* bars in the absence of some recognition by the sentencing court that an error was made there.

Because the Court lacks jurisdiction to hear this matter, the Court will dismiss the complaint without prejudice for lack of subject matter jurisdiction.  An Order consistent with this Memorandum Opinion is separately and contemporaneously filed this 26th day of August, 2008.

               RICARDO M. URBINA
               United States District Judge